**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Yiwu Lubo Trading Co., Ltd., | ) |
|                 Plaintiff, | ) ) ) Case No. 1:22-cv-4444 |
| v. | ) ) Hon. Dist. Judge |
| Roadget Business Pte. Ltd; *and* | ) ) Hon. Mag. Judge |
| Shein Distribution Corp. | ) ) |
|                 Defendants, | ) |

## Complaint

Plaintiff Yiwu Lubo Trading Co., Ltd. ("Plaintiff" or "Yiwu") by and through its undersigned counsel, hereby brings this Complaint against Defendants Roadget Business Pte. Ltd and Shein Distribution Corp. ("Defendants").

### Introduction

1. Plaintiff, a boutique clothing company, files this Complaint against Defendants for 15 U.S.C. § 1125(a) and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq..

2. Defendants have traded and continues to trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed CINVIC branded clothing products ("Infringing Products") to consumers within the United States, including the State of Illinois and this Judicial District.

3. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendants' actions and accordingly seeks injunctive and monetary relief.

### Parties

4. Plaintiff Yiwu Lubo Trading Co., Ltd. is a Chinese corporation located at Yiwu City Fotangzhen Chaoyangdong Street 92-1-3-306, Zhejiang Province, China.

5. Defendant Roadget Business Pte. Ltd. is a Singapore private company located at 7 TEMASEK BOULEVARD, #12-07, SUNTEC TOWER ONE, Singapore 038987 doing business, on information and belief, in all 50 states.

6. Defendant Shein Distribution Corp. is a corporation formed under the laws of the State of Delaware with its headquarters located at 757 S. Alameda St., Los Angeles, California 90021, United States.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act). This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), and this Court may properly exercise personal jurisdiction over Defendants, because this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendants' infringements of Plaintiff's protected trademark within this judicial district. Defendants are, without authorization, using Plaintiff's trademark and confusingly similar versions thereof to offer services for sale and soliciting customers in Illinois and this Judicial District.

## Plaintiff's Business

9. Since 2018, Plaintiff has been engaged in the design, distribution, and sale of various clothing products (collectively, the "Plaintiff Products") on an international basis, including within the

United States under its trademark CINVIK (the "Mark"). The Plaintiff Products are popular on the market and its trademark is recognized by consumers.

10. Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the Mark. The success of Plaintiff's business enterprise is dependent and a result of its effort to marketing, promoting, and advertising online via e-commerce.

11. The success of Plaintiff's Products additionally stems from sales to consumers and interest that its consumers have generated.

12. As a result of the efforts of Plaintiff, the quality of Plaintiff's products, the promotional efforts for its products and designs, the members of the public have become familiar with Plaintiff's products and Mark and associate them exclusively with Plaintiff.

### Plaintiff's CINVIK Trademark

13. On July 12, 2021, Plaintiff Yiwu Lubo Trading Co., Ltd. filed a section 1(a) trademark for the mark "CINVIK" in class 025, with a first use date in commerce of 11/02/2018. The pending trademark is set forth below:

| Serial No. | Trademark | Services |
|---|---|---|
| 90822334 | CINVIK | IC 25 Bikinis; Bras; Briefs; Hats; Lingerie; Sleepwear; Socks; Swimsuits; Underpants; Underwear; Vests; Nipple covers, namely, pasties; Tube tops; Women's clothing, namely, shirts, dresses, skirts, blouses |

14. Plaintiff has built substantial goodwill in and to the Mark which is a well-known and valuable asset of Plaintiff. Plaintiff is also the registered owner of CINVIK trademark in China since 2018.
15. Plaintiff has continuously used the Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Cinvik products since 11/02/2018.
16. Genuine Plaintiff Products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine Cinvik Products are instantly recognizable among the consuming public and the Mark identifies, in the United States and around the world, unique and high quality clothing products offered by Plaintiff.
17. Genuine Plaintiff Products have been distributed, promoted and sold on Aliexpress.com and via other channels. Plaintiff's sales of Plaintiff Products have been substantial.
18. As a result of Plaintiff's long-standing use of its Mark in association with its high-quality products, extensive sales, and significant marketing activities, the Mark has achieved widespread acceptance and recognition among the consuming public and throughout U.S. interstate commerce.
19. The Mark is exclusive to Plaintiff and appears clearly on all Plaintiff Products and related advertisements. Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the Mark. Accordingly, products bearing the Mark are widely recognized and exclusively associated by the consuming public and the industry as being high-quality personal products sourced from Plaintiff.
20. The Mark is distinctive when used in association with the sale of Plaintiff's Products, signifying to the purchaser that the products come exclusively from Plaintiff and are made to Plaintiff's material specifications. Accordingly, the Mark has achieved secondary meaning as the source of high quality clothing products.

**Defendants' Unlawful Conduct**

21. Defendants created fully interactive, commercial internet stores operating under at least the online marketplace shein.com.

22. Defendant Shein Distribution Corp. distributed product from shein.com in the U.S. including into the state of Illinois and this Judicial District.

23. Defendants, without any authorization or license from Plaintiff, has knowingly used and continue to use the Mark in connection with the advertisement, distribution, offering for sale, and sale of clothing products using Plaintiff's Mark. A true and correct copy of multiple examples of the Defendants' using Plaintiff's Mark are attached hereto as **Exhibit 1**.

24. Defendants offer shipping to the United States, including, specifically Illinois. On information and belief, Defendants have offered to sell products bearing Plaintiff's Mark into the United States and the state of Illinois. A true and correct copy of Defendants' shein.com offering to ship products bearing Plaintiff's Mark to Illinois is attached hereto as **Exhibit 2**.

25. On information and belief, Defendants have sold products bearing Plaintiff's Mark into the United States and the state of Illinois. A true and correct copy of photos taken of products bearing Plaintiff's Mark shipped to Illinois is attached hereto as **Exhibit 3**.

26. Plaintiff has not licensed or authorized Defendants to use the Mark to offer and sell CINVIK-branded products which are not manufactured under license by Plaintiff, and Plaintiff has not licensed or authorized Defendants to use the Mark to sell products made by third parties.

27. Defendants, without authorization, were repeatedly using the Mark to sell clothing products which were produced without authorization from or license by Plaintiff, but were instead sourced by third parties outside the control of Plaintiff.

28. Defendants, without authorization or license from Plaintiff, have knowingly and willfully used and will likely continue to use the Mark in connection with the advertisement, distribution,

offering for sale, and sale of Infringing Products to consumers within the United States, including the state of Illinois and this Judicial District.

29. Defendants' unauthorized use of the Mark in connection with the advertising, distribution, offering for sale, and sale of clothing products, including with respect to the sale of such products into the United States, including specifically Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## Count I - False Designation of Origin, Passing Off, and Unfair Competition, 15 U.S.C. § 1125(a)

30. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 29.

31. The Mark is a distinctive trademark.

32. Plaintiff is the owner of the Mark.

33. Defendants' advertising, distribution, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

34. By using the Mark in association with the advertising, distribution, offering for sale, and sale of the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Infringing Products.

35. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125.

36. Defendants' wrongful advertisement, offering to sell, and sale of Infringing Products have directly and proximately caused injuries and damages to Plaintiff.

37. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendants' actions are not enjoined.

## Count II - Violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §510, *et seq.*)

38. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 37.

39. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Infringing Products as those of Plaintiff; cause a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine Cinvik Products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

40. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, *et seq*.

41. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendants' actions are not enjoined.

## Prayer For Relief

**WHEREFORE**, Plaintiff, Yiwu Lubo Trading Co., Ltd., prays for judgement against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   1. using the Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Products or is not authorized by Plaintiff to be offered in connection with the Mark;

   2. passing off, inducing, or enabling others to sell or pass off any product as genuine Plaintiff Products or any other products produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Mark;

   3. committing any acts calculated to cause consumers to believe that the Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   4. further infringing the Mark and damaging Plaintiff's goodwill; and

   5. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online platforms, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party

processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

1. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Mark;
2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the offer of goods or services using without authorization the Mark;

C. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510/3;

D. That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510/3, and other applicable law; and

E. Award any and all other relief that this Court deems just and proper.

Dated: August 22, 2022

Respectfully submitted,

/s/ Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph. (312) 715-7312
Fax (312) 646-2501

*Counsel for Plaintiff*